## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
May 1, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBBIE MULLINS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1479**  (BOR Appeal No. 2047348)
                    (Claim No. 2011027142)

**BOONE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Debbie Mullins, by John Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Boone County Board of Education, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2012, in which the Board affirmed a June 12, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 13, 2011, decision rejecting Ms. Mullins's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Mullins alleges that she developed carpal tunnel syndrome as a result of her employment as a librarian with the Boone County Board of Education. On November 22, 2010, an EMG report stated "consider a right mild median neuropathy at the wrist". A report of injury was completed on January 11, 2011, by Fred Pulido Jr., M.D., who opined that Ms. Mullins suffers from right-sided carpal tunnel syndrome caused by repetitive use of her hands in the course of her employment. On May 13, 2011, the claims administrator rejected Ms. Mullins's claim for workers' compensation benefits following a review of the claim by its medical director.

1

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on January 17, 2011, and diagnosed Ms. Mullins with questionable right-sided carpal tunnel syndrome. He opined that her condition is not causally related to her employment because her occupation as a librarian does not place her at high risk for the development of carpal tunnel syndrome. Dr. Mukkamala further opined that Ms. Mullins has a significant non-occupational risk factor for the development of carpal tunnel syndrome in the form of excess weight.

In its Order affirming the May 13, 2011, claims administrator's decision, the Office of Judges held that Ms. Mullins's diagnosed carpal tunnel syndrome is not compensable. Ms. Mullins disputes this finding and asserts that the evidence of record demonstrates that she developed carpal tunnel syndrome as a direct result of repetitive hand movements necessitated by her employment as a librarian with the Boone County Board of Education.

The Office of Judges found that although Ms. Mullins's job duties involve the use of her hands, the evidence of record fails to demonstrate that her job duties are of the type that fall within the high force, highly repetitive manual movement categories at high risk for the development of carpal tunnel syndrome identified in West Virginia Code of State Rules § 85-20-41.5 (2006). The Office of Judges therefore concluded that a preponderance of the evidence does not establish a causal connection between Ms. Mullins's diagnosis of carpal tunnel syndrome and her employment. The Board of Review reached the same reasoned conclusions in its decision of December 6, 2012. We agree with the reasoning of the Office of Judges and the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 1, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

2